IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT J. CLEMENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-013-TCK-PJC |
| ) | |
| JESSE T. SUTTER, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 9). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2001-4592. See Dkt. #1. In that case, Petitioner was convicted on April 1, 2002, on his plea of guilty of Manufacturing a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of a Felony. See Dkt. # 1; Dkt. # 8, Ex. F (copy of Judgment and Sentence entered in CF-2001-4592). He was sentenced to fourteen (14) years imprisonment, to be served concurrently with the sentence entered in Tulsa County District Court, Case No. CF-2001-5924.[1] Petitioner did

---

[1] In Case No. CF-2001-5924, Petitioner was convicted on his pleas of guilty of the misdemeanor offense of Possession of Paraphernalia, and of the felony offense of Manufacturing a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies. He was sentenced to one

not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

The record reflects that Petitioner made no effort to seek modification of his sentence until January 22, 2003, when he filed a motion for judicial review. See Dkt. # 8, Ex. B. The record reflects that the motion for judicial review was denied one day after it was filed, or on January 23, 2003. See Dkt. # 8, Ex. C.

On April 13, 2004, Petitioner first challenged the validity of his conviction by filing an application for post-conviction relief seeking an appeal out of time. See Dkt. # 8, Ex. D. That application was denied by order filed May 18, 2004. Petitioner appealed to the OCCA, and by order filed July 23, 2004, in Case No. PC-2004-0594, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 8, Ex. E.

On July 26, 2005, Petitioner filed a petition for writ of habeas corpus in the state district court. See Dkt. # 8, Ex. F. On August 16, 2005, the state district court denied the requested relief. See Dkt. # 8, Ex. C. Petitioner appealed to the OCCA where, by order filed November 23, 2005, in Case No. HC-2005-882, the denial of habeas corpus relief was affirmed. See Dkt. # 8, Ex. G.

On January 6, 2006, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). The Court notes that Petitioner executed the "Declaration Under Penalty of Perjury" on December 27, 2005. See Dkt. # 1 at 6.

## *ANALYSIS*

---

(1) year imprisonment on the misdemeanor, and to twenty-one (21) years imprisonment on the felony, to be served concurrently with each other, and concurrently with the sentence imposed in Case No. CF-2001-4592. Petitioner filed a separate habeas corpus petition in this Court, N.D. Okla. Case No. 06-CV-014-TCK, challenging his convictions in CF-2001-5924.

2

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), or (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-2001-4592, his conviction became final ten (10) days after entry of his Judgment and Sentence, or on April 11, 2002. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty).

As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on April 11, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 11, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period.[2] Petitioner's application for post-conviction relief seeking an appeal out of time was filed April 13, 2004, or more than a full year beyond the April 11, 2003, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the

---

[2]Petitioner did file a motion for judicial review in the state district court on January 22, 2003, or prior to expiration of the federal limitations period. The state district court's order denying Petitioner's petition for writ of habeas corpus reflects that Petitioner's motion for judicial review was denied on January 23, 2003. See Dkt. # 8, Ex. C. Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished). The Tenth Circuit Court of Appeals has indicated in an unpublished opinion that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for judicial review does not serve to toll the § 2244(d)(1) statute of limitations applicable to Petitioner's habeas petition challenging his conviction entered in Tulsa County District Court, Case No. CF-2001-4592.

limitations period.

Similarly, the state habeas corpus proceeding commenced by Petitioner does not serve to toll the limitations period because the petition was filed on July 26, 2005, or more than two (2) years after expiration of the federal limitations period. Therefore, Petitioner is not entitled to tolling under § 2244(d)(2) and his petition, filed at the earliest on December 27, 2005, appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In response to Respondent's motion to dismiss, Petitioner asks that he be granted habeas corpus relief because (1) he was sent to three different correctional facilities during his first year of imprisonment making it "impossible" to file his petition on time, (2) it took him "many months" to recover from an allergic reaction he suffered, and (3) he is actually innocent of the crime as charged. See Dkt. # 9.

First, the Court shall address Petitioner's claim of actual innocence. Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. Miller, 141 F.3d at 978. The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances. Id. In this case, the Court finds, as discussed in more detail below, that Petitioner's proffered excuses for the delay in seeking habeas relief do not support the conclusion that Petitioner pursued his habeas claims diligently. For that reason, Petitioner's claim of actual innocence is insufficient to prevent a limitations bar. In addition, Petitioner's claim of innocence is more properly

characterized as a claim of legal innocence rather than actual innocence.[3] Therefore, the Court finds that Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

Petitioner has also failed to convince the Court that extraordinary circumstances beyond his control prevented him from timely filing his petition. After having entered a guilty plea on April 1, 2002, Petitioner first challenged his conviction by way of his application for post-conviction relief filed more than two (2) years later, on April 13, 2004. Although Petitioner alleges his frequent transfers to different facilities and an adverse allergic reaction to medication hindered his ability to file a timely petition, his claims are conclusory and insufficient to justify equitable tolling. He presents only bare allegations that his frequent transfers and medical problems made it impossible to file his petition on time. Petitioner has produced no evidence showing that between April 11, 2002, and April 11, 2003, he faced such severe restrictions or he was so incapable of rational

---

[3] In support of his actual innocence claim, Petitioner states that he is actually innocent "of the crime as charged" and explains that Form 13.8(A), found as an attachment to his Judgment and Sentence and used to enter additional findings at the time of sentencing, reflects he was convicted of violating Okla. Stat. tit. 63, § 2-401(E). See Dkt. # 9. Subsection E of § 2-401, Oklahoma's statute criminalizing the manufacture of controlled dangerous substances, provides that "[a]ny person who is at least eighteen (18) years of age and who violates the provisions of this section by using or soliciting the use of services of a person less than eighteen (18) years of age to distribute, dispense, transport with intent to distribute or dispense or cultivate a controlled dangerous substance or by distributing a controlled dangerous substance to a person under eighteen (18) years of age is punishable by twice the fine and by twice the imprisonment otherwise authorized." Okla. Stat. tit. 63, § 2-401(E) (2001). Petitioner claims that no minor was involved in the commission of his crime, and that he is therefore actually innocent. However, the record provided by the parties includes a copy of the complete Judgment and Sentence entered against Petitioner. See Dkt. # 8, Ex. F, attachment; Dkt. # 1, attachment. While the Form 13.8(A) section for additional findings includes a scrawled handwritten reference to what appears to be "§ 2-401 (DE)," the formal Judgment and Sentence clearly states, "The defendant has entered a plea of guilty and is found guilty by the Court of the crime of Manufacturing Controlled Dangerous Substance, AFCF (63 O.S. 2-401 -- 2-420)." Id. Thus, the Judgment and Sentence does not reflect entry of judgment based on a violation of only subsection E of section 2-401, as implied by Petitioner. Instead, the Judgment and Sentence reflects Petitioner's conviction of Manufacturing a Controlled Dangerous Substance in violation of the Uniform Controlled Dangerous Substances Act.

thought due to his medical condition that he could not take the steps necessary to file a petition for writ of habeas corpus. See Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). Such vague and conclusory allegations do not justify equitable tolling. Miller, 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate").  There is simply no evidence in this case that Petitioner diligently pursued his federal claims during the limitation period.  Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808.  As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period.

The Court concludes that Petitioner is not entitled to equitable or statutory tolling of the limitations period. This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 21st day of September, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE